# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re<br>LU ANN RATZLAFF CRAIG<br>AKA LU ANN R CRAIG<br>AKA LU ANN CRAIG<br>FKA LU ANN NICHOLSON<br>FKA LU ANN RATZLAFF<br>Social Security No.   xxx-xx-0343<br><br>Debtor | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 14-14536-SBB<br><br><br>Chapter 7 |
| DOUGLAS E. LARSON<br>Chapter 7 Trustee,<br><br>Plaintiff<br><br>v.<br><br>SWIFT ROCK FINANCIAL, INC.<br>DBA WORLD LAW GROUP<br>DBA WORLD LAW DEBT<br><br>ORION PROCESSING, LLC<br>DBA WORLD LAW PROCESSING<br><br>GLOBAL CLIENT SOLUTIONS, LLC<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adversary Proceeding No.<br>14-01507-SBB |

## ORDER CERTIFYING GLOBAL CLIENT SOLUTIONS, LLC'S APPEAL AS FRIVOLOUS AND DENYING MOTION TO STAY ADVERSARY PROCEEDING

THIS MATTER is before the Court on the Motion to Stay Adversary Proceeding filed by Defendant Global Client Solutions, LLC ("Global") (Docket No. 59) and the response thereto (the "Response") filed by Plaintiff Douglas E. Larson, the Chapter 7 Trustee (the "Trustee") (Docket No. 62). The Motion asks this Court to stay the adversary proceeding pending Global's appeal to the U.S. District Court of this Court's ruling on the Motion to Compel Arbitration (Docket No. 41); and the Trustee's Response asks this Court to deny the Motion to Stay and to certify Global's appeal as frivolous.

1

This matter involves an appeal of the Court's earlier decision denying the Defendants' demand for arbitration, rather than judicial determination, of the Trustee's pending avoidance and turnover adversary proceeding. The Defendants - three related, interconnected, cooperative entities who purportedly provide debt counseling, negotiation and relief services to financially distressed debtors – were paid $9,334.49 by the Debtor prepetition and, as alleged, received in turn virtually no successful debt counseling, negotiation or relief services. The Trustee alleges that, essentially, the Defendants' business was a scam.

## I. BACKGROUND AND FACTS

On October 14, 2014, the Trustee filed an Adversary Complaint (the "Complaint") (Docket No. 1) pursuant to 11 U.S.C. § 548 and 11 U.S.C. § 542[1] and C.R.S. § 12-14.5-101 et seq. against Swift Rock Financial, Inc. ("Swift Rock"), Orion Processing, LLC ("Orion"), and Global.[2] The Trustee seeks to avoid certain transfers equal to $9,334.49 from the Debtor to Defendants under section 548 of the Bankruptcy Code and requests turnover of $28,003.47 under section 542 of the Code and the treble damages provision of the Colorado Uniform Debt Management Services Act, C.R.S.A. § 12-14.5-201, et seq. ("CUDMSA").

The alleged transfers arise from payments made by the Debtor to Defendants, a trio of companies who offered a package of debt negotiation services to her prior to this bankruptcy. As part of the debt management program, the Debtor simultaneously entered into several contracts with Defendants. The contract with Global, which covered management of a bank account from which funds to creditors were to be paid, contains an arbitration clause.

The Trustee's Complaint alleges that the Debtor was insolvent at the time of the transfers and did not receive reasonably equivalent value. The Trustee also alleges that the payments by the Debtor were fees which Defendants charged in violation of CUDMSA, and therefore, the Trustee is entitled to turnover of three times the amounts paid by the Debtor.

Shortly after the Complaint was filed, on November 13, 2014, Global filed a Motion to Compel Arbitration under the Federal Arbitration Act (Doc. # 7) and an Alternative Motion to Dismiss the Adversary Complaint (Doc. # 8). On March 19, 2015, the Court denied Global's Motions (Doc. #s 41 and 42). The Court denied Global's Motion to Compel on two grounds: first, any arbitration provision between the Debtor and Global is inapplicable to this adversary proceeding; and second, the Court is empowered to use its discretion to decide to not have this dispute subjected to arbitration and instead have a judicial determination.[3]

---

[1] Unless otherwise noted, all statutory references shall be to Title 11 of the United Stated Code.

[2] Swift Rock and Orion failed to answer the Complaint and on February 4, 2015, and the Court issued a default judgment against Swift Rock and Orion (Doc. # 27).

[3] The Court cited a third flaw in Global's Motions regarding the unrefuted allegations in the Trustee's Response addressing the interrelationships between the three Defendants. This third flaw relates to Global's Alternative Motion to Dismiss the Adversary Proceeding wherein Global argued that it was separate and distinct from the other defendants. The Court also determined that, with respect to the Trustee's turnover claim, it would submit its recommended findings of fact and conclusions of law to the District Court for review upon adjudication.

On March 31, 2015, Global filed an interlocutory appeal of this Court's Order denying Global's Motion to Compel Arbitration (Doc. # 48) to the United States District Court for the District of Colorado (the "Appeal"). On April 10, 2015, Global moved to have this adversary proceeding stayed pending the outcome of the Appeal (Doc. # 59).

The Trustee has asked that this Court certify Global's appeal as frivolous and deny the Motion to Stay and allow this adversary proceeding to continue. For the reasons set forth below, the Court concludes that the appeal is frivolous and denies Global's Motion to Stay.

## II. CONCLUSIONS OF LAW

### 1. Standard of Review

Normally, interlocutory appeals and a motion to stay such an appeal are governed by Rules 8004 and 8007 of the Federal Rules of Bankruptcy Procedure. However, the Federal Arbitration Act grants a party the right to file an interlocutory appeal from the denial of a motion to compel arbitration.[4] The statute does not provide guidance as to whether a motion to stay proceedings during an appeal should be granted.[5]

The Tenth Circuit, along with several other circuit courts, has determined that appeals pursuant to Section 16 of the Federal Arbitration Act automatically divest trial courts of jurisdiction regarding matters involved in the appeal unless the trial court certifies the appeal as frivolous or forfeited.[6] The Tenth Circuit defines a frivolous appeal as one where the result is obvious, or where appellant's arguments are wholly without merit.[7]

### 2. The Trustee's Fraudulent Transfer Claim under § 548

No legal authority exists supporting Global's argument that the arbitration provision is applicable or enforceable as to the Trustee's fraudulent transfer claim under Section 548(a)(1)(B) of the Bankruptcy Code. "Avoidance claims are not derivative of the debtor's rights; rather they are statutory claims created in favor of creditors that can only be prosecuted by a trustee or debtor-in-possession."[8] Where neither the trustee nor the creditors he represents are parties to the arbitration clause, "there is no justification for binding creditors to . . . arbitration . . . with

---

[4] 9 U.S.C. § 16(a)(1)(C).

[5] See McCauley v. Halliburton Energy Servs., Inc., 413 F.3d 1158, 1160 (10th Cir. 2005).

[6] McCauley, 413 F.3d at 1162 (10th Cir. 2005) (noting agreement with Seventh and Eleventh Circuits). See also Levin v. Alms & Assocs., Inc., 634 F.3d 260, 266 (4th Cir. 2011).

[7] Ford v. Pryor, 552 F.3d 1174, 1180 (10th Cir. 2008); Wheeler v. Comm'r, 528 F.3d 773, 782 (10th Cir. 2008).

[8] Bethlehem Steel Corp. v. Moran Towing Corp. (In re Bethlehem Steel Corp.), 390 B.R. 784, 792 (Bankr. S.D.N.Y. 2008).

respect to claims that are not derivative from one who was a party to it."[9] Absent extraordinary circumstances, causes of action arising exclusively under the Bankruptcy Code will be adjudicated by the bankruptcy courts.[10]

The Trustee's section 548 claim is not derivative of the Debtor; rather, it is a direct claim by the Trustee based upon injury to the Debtor's creditors. Contractual arbitration agreements do not apply to claims under section 548 because trustees are not stepping into the shoes of the debtors.[11] It is undisputed that the Trustee was not a party to any agreement with Global, and therefore, any arbitration agreement between the Debtor and Global is inapplicable as a matter of law.[12]

### 3. The Trustee's Turnover Claim

As to the Trustee's turnover claim, alleged pursuant to section 542 and CUDMSA, the Court has discretion to deny enforcement of the arbitration provision when there is an inherent conflict between enforcement of the arbitration provision and the Bankruptcy Code.[13]

The Trustee's Second Claim is non-core and derivative of the Debtor; therefore, the claim *could* be subject to arbitration. However, the core/non-core distinction is not dispositive, and the Court has discretion to deny arbitration if it determines that arbitrating a claim would conflict with the underlying purposes of the Bankruptcy Code.[14] Here, enforcement of the arbitration agreement as to the turnover claim would split the adversary proceeding – consisting of two causes of action with entirely common facts – and conflict with the Bankruptcy Court's timely, efficient, and unified administration of the Debtor's bankruptcy.[15] It is well within the Court's

---

[9] *Id. See also Redmond v. Bucheli Insurance Agency, Inc. (In re Brooke Corp.)*, No. 08-22786, 2013 WL 3214687, *6-7 (Bankr. D. Kan. June 24, 2013). Notably, Global's Motion to Stay fails to address this principle of law altogether.

[10] *Redmond*, 2013 WL 3214687 at *7.

[11] *See Jalbert v. Zurich Am. Ins. Co. (In re Payton Constr. Corp.)*, 399 B.R. 352 (Bankr. D. Mass. 2009).

[12] Global cites the Fifth Circuit's opinion in *In re Nat'l Gypsum* as support for its position. *Nat'l Gypsum*, 118 F.3d 1056 (5th Cir. 1997). However, the court's opinion in *Gypsum* actually supports this Court's denial of the Debtor's Motion: "[The Court] think[s] that, at least where the cause of action at issue is not derivative of the pre-petition legal or equitable rights possessed by a debtor but rather is derived entirely from the federal rights conferred by the Bankruptcy Code, a bankruptcy court retains significant discretion to assess whether arbitration would be consistent with the purpose of the Code, including the goal of centralized resolution of purely bankruptcy issues, the need to protect creditors and reorganizing debtors from piecemeal litigation, and the undisputed power of a bankruptcy court to enforce its own orders."

[13] Global does not argue in its Motion to Stay that the Trustee's two claims should be bifurcated.

[14] *See, e.g., Ackerman v. Eber (In re Eber)*, 687 F.3d 1123, 1130 (9th Cir. 2012) ("When a bankruptcy court considers conflicting policies as the bankruptcy court did here, we acknowledge its exercise of discretion and defer to its determinations that arbitration will jeopardize a core bankruptcy proceeding.").

[15] The necessity of conducting proceedings in this Court regarding the Trustee's fraudulent transfer claim compelled the Court to deny arbitration of the turnover claim. The turnover claim is related to a case under Title 11 and involves the same facts and circumstances as the Trustee's direct, core, and Bankruptcy Code-derived 11 U.S.C. §

4

discretion to find an inherent conflict between enforcement of the arbitration provision and the Bankruptcy Code and decide to hear both of the Trustee's claims in a single forum.[16]

In the bankruptcy context, efficient resolution of claims and conservation of the bankruptcy estate assets are central purposes of the Bankruptcy Code. Accordingly, insofar as efficiency concerns might present a genuine conflict between the Federal Arbitration Act and the Code – for example, where arbitration costs, delays, or the duplicity of effort and cost to litigate claims involving the same facts and parties would prejudice the rights of creditors, they represent legitimate considerations.[17]

There can be no dispute that the Trustee's two claims involve the same parties, the same facts, and the same payments – and both have an effect on the administration of the Debtor's bankruptcy estate. The facts are intimately related to the bankruptcy proceeding and, indeed, the payments to Defendants when the Debtor was insolvent diminished the bankruptcy estate. Although there is a state law element to the Trustee's turnover claim, it is clear that the bankruptcy causes of action predominate. A single hearing of both claims in the same venue serves the interests of effecting an expeditious and equitable distribution of the Debtor's assets to her creditors; avoids the potential for competing and/or conflicting orders arising from the arbitration and this Court; and benefits the general administration of the bankruptcy estate.

Furthermore, enforcement of the arbitration provision would also impose insurmountable arbitration costs on the no-asset bankruptcy estate, essentially acting as a dismissal of the Trustee's claims. Compelling the Trustee to arbitrate his claims against Global would thus preclude the Trustee from collecting assets of the bankruptcy estate pursuant to section 704, irreconcilably conflicting with the Congressional direction given in the Bankruptcy Code.

Denying arbitration of the turnover claim furthers the Bankruptcy Code's fundamental policies of "centralized resolution of purely bankruptcy issues; the need to protect creditors and reorganizing debtors from piecemeal litigation; and the undisputed power of a bankruptcy court to enforce its own orders."[18] The Court's decision to hear both claims and make findings of fact and conclusions of law to be submitted to the United States District Court regarding the Trustee's turnover claim is clearly within its discretion. Any argument otherwise is without legal merit.[19]

---

548 claim. 28 U.S.C. § 157(c)(1) provides that "a bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11."

[16] *See In Re Nat'l Gypsum Co.*, 118 F.3d 1056 (5th Cir. 1997); *Jalbert v. Zurich Am. Ins. Co. (In re Payton Constr. Corp.)*, 399 B.R. 352 (Bankr. D. Mass. 2009).

[17] *See In Re Nat'l Gypsum Co.*, 118 F.3d 1056 n.21 (5th Cir. 1997).

[18] *See Gandy v. Gandy (In re Gandy)*, 299 F.3d 489, 498-499 (5th Cir. 2002).

[19] The bulk of Global's Motion to Stay addresses the other findings of the Court addressing the potential unconscionability-related findings of the Court regarding the arbitration provision. Section 2 of the Federal Arbitration Act, 9 U.S.C. § 2, states that an arbitration provision "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Thus, generally applicable contract defenses, such as unconscionability, may be applied to invalidate arbitration provisions without contravening § 2 of the FAA. The Court noted that there are potential grounds for a finding of unconscionability.

### III. CONCLUSION AND ORDER

The Court HEREBY certifies the Appeal as being without merit and frivolous. The Court directs the Clerk to notify the United States District Court for the District of Colorado of this Order. Global's Motion to Stay this adversary proceeding (Docket No. 59) is **DENIED**.

DATED this 2nd day of July, 2015.

BY THE COURT:

*Sid Brooks* (signature)

_____
Sidney B. Brooks
Judge, United States Bankruptcy Court

---

However, the Court need not find that Global's arguments regarding these issues rise to the level of frivolity. The appeal is frivolous for the reasons set forth above.